IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Tonya Lomax, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 8:25-cv-04796-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Walgreen's Corporate Secretary, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Tonya Lomax, a *pro se* litigant proceeding *in forma pauperis*, filed this employment discrimination action against Defendant Walgreen's Corporate Secretary, alleging she was subjected to unequal terms and conditions of employment and suffered retaliation based on her color or race in violation of Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000(e)—2(a)(1), and her age in violation of the Age Discrimination and Employment Act ("ADEA"), *see* 29 U.S.C. § 623(a)(1). (ECF No. 1 at 4–6).

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was automatically referred to a United States Magistrate Judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 14), concluding that Plaintiffs claims should be summarily dismissed for failure to state a claim upon which relief can be granted. As for Plaintiff's Title VII claim, the magistrate judge found that Plaintiff failed to identify any comparators of a different race or allege "how she was treated differently than other coworkers who were not her race." *Id.* at 5. To the extent Plaintiff is pursuing a retaliation claim under Title VII, the magistrate judge found that Plaintiff failed to allege "that she engaged in protected activity by complaining about

discrimination" and failed to allege a causal link between any protected activity and a purported adverse employment action. *Id*. at 6. As to Plaintiff's ADEA claim, the magistrate judge noted that Plaintiff "has made no allegations regarding how the defendant treated her differently because of her age" or "that she was replaced by a younger employee after being let go." *Id*. Furthermore, the magistrate judge determined that Plaintiff's action was subject to dismissal based on principles of *res judicata*, noting that this action arose out of the same facts and involves the same parties and claims as an action Plaintiff filed in state court, *see* Anderson County Public Index, https://publicindex.sccourts.org/Anderson/PublicIndex/PISearch.aspx (enter Plaintiff's name and 2025cv0410101274) (last visited October 21, 2025), which claims were dismissed with prejudice. (ECF No. 14 at 3–4). Accordingly, the magistrate judge recommends the court dismiss the action with prejudice, without leave to amend, and without issuance and service of process. *Id*. at 7.[1]

      The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those

---

[1] The court must dismiss a complaint filed *in forma pauperis* "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

3

Plaintiff filed objections to the Report. (ECF Nos. 16). Plaintiff's objections do not address any of the deficiencies identified in the Report nor do the objections respond in any way to the dispositive portions of the Report. Instead, Plaintiff merely states that she disagrees with the Report and adds additional factual allegations regarding the damages she seeks to recover. None of these additional facts cure the defects in Plaintiff's discrimination claims.[2] Plaintiff's objections are overruled. The court has reviewed the Report under a *de novo* standard, finds no error in the Report and can discern no basis for deviating from the recommendations in the Report. The court agrees with and wholly **ADOPTS** the magistrate judge's findings, conclusions and recommendations in the Report (ECF No. 14), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED** with prejudice, without leave to amend, and without issuance and service of process.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina
October 22, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] Plaintiff attached to her objections more than seventy pages of documents that relate tangentially to her employment with a local Walgreen's store in Anderson. (ECF No. 16-1). The documents consist, in large part, of screenshots of text messages addressing general complaints about her employment. It is unclear how these materials relate to or support her Title VII and ADEA claims. "While the Court must give a liberal reading to a pro se litigant's pleadings, it is not the job of the Court to comb the record and . . . to construct a potential claim on the pro se litigant's behalf." *Golden v. United States*, No. 1:12-cr-26-1, 2015 WL 2383371, at *2 n.4 (M.D.N.C. May 19, 2015) (inter quotation marks and brackets omitted).

8:25-cv-04796-TMC     Date Filed 10/22/25     Entry Number 18     Page 5 of 5